IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEBORAH S. GROH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 17-00741-CV-W-ODS |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION DENYING DEFENDANTS' MOTION FOR INJUNCTION TO PROTECT THE COURT'S JUDGMENT

Pending is Defendants Jackson County, Missouri, and Jackson County, Missouri d/b/a Rock Island Rail Corridor Authority's Motion for Injunction to Protect the Court's Judgment. Doc. #31. For the following reasons, Defendants' motion is denied.

### I. BACKGROUND[1]

Plaintiffs Deborah Groh; DJJHS Enterprises, LLC; JHB & MEB Enterprises, LLC; Dawn Wells; David Wells; Current Properties Investments LLC; and Nephrite Fund 1, LLC filed a Petition in the Circuit Court of Jackson County in July 2017 against Defendants Jackson County, Missouri; Jackson County, Missouri d/b/a Rock Island Corridor Authority ("RICA"); and Union Pacific Railroad Company. Doc. #1-2, at 4-12 (hereinafter, *Groh I*). In the Petition, Plaintiffs, who are landowners owning fee title in land adjacent to a railroad right-of-way, challenged the legality of Jackson County's use of the railroad line and corridor located between Milepost 270.6 North of Greenwood, Missouri, and Milepost 288.3 in Jackson County. Union Pacific previously acquired an easement over and through Plaintiffs' property for railroad purposes. The rail line is out of service and has no customers.

---

[1] This matter's background was previously outlined in the Court's December 1, 2017 Order. Doc. #29. Some background information is provided as context for the pending motion.

In December 2015, Jackson County filed a Verified Notice of Exemption with the Surface and Transportation Board ("STB") to permit RICA to acquire from Union Pacific and operate the rail line described above. The STB granted Jackson County the exemption. *Jackson County, Mo. – Acquisition & Operation Exemption – Union Pac. R.R. Co.*, Fin. Dkt. No. 35982, 2015 WL 9672626, at * 1 n.1 (S.T.B. Jan. 8, 2016). The exemption was served and published in the Federal Register and scheduled to become effective on January 22, 2016. *Jackson County, Mo. – Acquisition & Operation Exemption – Union Pac. R.R. Co.*, Fin. Dkt. No. 35982, 2016 WL 454035, at * 1 (S.T.B. Feb. 4, 2016). In April 2016, Union Pacific, through a quit claim deed, transferred to Jackson County the 17.7 miles of rail line between Milepost 270.6 North of Greenwood, Missouri, and Milepost 288.3 in Jackson County.

In their Petition, Plaintiffs alleged Defendants "improperly and illegally invaded and clouded Plaintiffs' fee ownership in their land associated with the right-of-way." Plaintiffs also claimed Union Pacific abandoned the easement, and as a result, Plaintiffs regained the right to use and possess their property free of any easement. Plaintiffs also alleged Union Pacific was not authorized to transfer any interest to Jackson County. They further asserted "Defendants failed to make a formal request to the Surface and Transportation Board ("STB") for a Notice of Interim Trail Use ("NITU") which authorizes the interim trail use and railbanks the railroad right-of-way under 16 U.S.C. [§] 1247(d) ("Trails Act")." Plaintiffs also maintained claims of inverse condemnation, trespass, and quiet title, and sought monetary damages.

In September 2017, the matter was removed to this Court, alleging this Court had original jurisdiction over Plaintiffs' claims because the claims necessarily and explicitly turned on substantial and disputed issues of federal law. Defendants moved to dismiss Plaintiffs' claims arguing they were preempted, and Plaintiffs' challenge to Union Pacific's transfer of the rail line for recreational purposes failed because they failed to challenge the STB's decision granting an exemption.

On December 1, 2017, the Court granted Defendants' motion to dismiss. Doc. #29. The Court found Plaintiffs' state law claims were preempted by the Interstate Commerce Commission Termination Act of 1995 ("ICCTA") because Plaintiffs' claims related to whether the rail line was abandoned, and the STB has exclusive authority

over determinations regarding, among other things, abandonment of rail lines. *Id.* at 4-7. The Court also dismissed Plaintiffs' collateral attack on the STB's decision because they did not challenge the STB's decision, and even if they had, only the Eighth Circuit Court of Appeals would have jurisdiction to review such a decision. *Id.* at 7-8. Because the Court lacked jurisdiction, it granted Defendants' motion to dismiss. No one appealed the Court's decision.

In January 2018, the same Plaintiffs filed another lawsuit in the Circuit Court of Jackson County, Missouri, against Defendants Jackson County and RICA. Doc. #31-4 (hereinafter, *Groh II*).[2] In June 2019, after *Groh II* had been pending for roughly eighteen months, Defendants filed a motion in the matter pending before this Court, arguing Plaintiffs are asserting the same claims in *Groh II* that were previously litigated in *Groh I*, and asking the Court to issue a preliminary and permanent injunction preventing Plaintiffs from prosecuting any further actions against Jackson County based on the same injury. Doc. #31. Plaintiffs filed their opposition to the motion. Doc. #35. On July 26, 2019, Defendants filed their reply. Doc. #36.

Five days after Defendants' motion became fully briefed, Plaintiffs filed a notice of supplemental authority. Doc. #37. Plaintiff provided the Court with a decision issued by the STB on July 31, 2019, wherein the STB revoked Jackson County's exemption to acquire and operate the former railroad right-of-way at issue. Doc. #37-1.[3]

> The Board found in the February 2016 Decision that the County's original plan to potentially build a trail in the right-of-way of the Line and the County's statement that it had no plans to remove track for the trail were consistent with its stated intention also to acquire and operate a line of railroad meant for freight rail service. The County's recent activity, however, is incompatible with that stated intention on which the February 2016 Decision was based. By removing the track and placing the trail directly on the rail bed, where the track previously was, the County has taken a step that is contrary to the acquisition of a rail line. If the County intends to remove the track and place a trail on the rail bed, then the

---

[2] *Groh v. Jackson County,* No. 1816-CV00401 (Jackson Cty. Cir. Ct.).
[3] In December 2018, Plaintiffs petitioned the STB for revocation of the exemption previously awarded to Jackson County and RICA. Doc. #35-1. In February 2019, the STB ordered Jackson County to explain why its activities were "consistent with acquiring a rail line on which it has a common carrier obligation" and "if its intentions toward freight rail service have changed since filing its verified notice." Doc. #35-3, at 2-3.

3

> County should do so by using the Board's interim trail use/railbanking procedures under the Trails Act. See 49 C.F.R. § 1152.29.

Doc. #37-1, at 1-2. The STB made "no findings on the claims that the County…violated other state or local law as part of the County's acquisition of the right-of-way. Those matters…are better suited for a state forum." Doc. #37-1, at 7. The STB further noted, "although the Landowners claim that the Line was abandoned under Missouri state law, it is well settled that the Board has exclusive and plenary authority over the abandonment of rail lines." *Id.* Since the supplemental authority was filed, neither party requested leave to supplement their briefing on the pending motion.[4]

## II.  DISCUSSION

The All Writs Act provides that this Court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act has also been interpreted as allowing a court to "issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. N.Y. Tel. Co.,* 434 U.S. 159, 172 (1977). The authority imparted to this Court under the All Writs Act is limited by the Anti-Injunction Act ("AIA"). *See SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 764 F.3d 1327, 1334-35 (11th Cir. 2014); *In re Sprint Premium Data Plan Mktg. & Sales Practices Litig.*, 563 F. App'x 221, 224 (3d Cir. 2014); *United States v. Schurkman*, 728 F.3d 129, 135 (2d Cir. 2013); *In re Life Inv'rs Ins. Co. of Am.*, 589 F.3d 319, 330 (6th Cir. 2009); *Newby v. Enron Corp.*, 338 F.3d 467, 473-74 (5th Cir. 2003); *Mahoney v. Sherwin Williams Co.*, 295 F.R.D. 327, 330 (S.D. Iowa 2013); *Jones v. St. Paul Cos.*, 450 F. Supp. 2d 1003, 1004 (D. Minn. 2006), *aff'd*, 495 F.3d 888 (8th Cir. 2007).

The AIA bars a district court from granting "an injunction to stay proceedings in a State court unless expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The

---

[4] In *Groh II*, Plaintiffs filed a motion on August 12, 2019, seeking leave to amend their petition to include additional counts for ejectment and for a taking under 42 U.S.C. § 1983. The state court has not yet issued a ruling on Plaintiffs' motion.

AIA's "core message is one of respect for state courts," and the statute "broadly commands that those tribunals 'shall remain free from interference by federal courts.'" *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Atl. Coast Line R.R. Co. v. Locomotive Eng'rs,* 398 U.S. 281, 282 (1970)). The AIA "serves to forestall the frictions that would result from turf wars between federal and state courts over control of a particular case." *In re BankAmerica Corp. Secs. Litig.*, 263 F.3d 795, 800 (8th Cir. 2001) (citation omitted). The pending motion involves the AIA's relitigation exception, which "authorizes an injunction to prevent state litigation of a claim or issue 'that previously was presented to and decided by the federal court.'" *Smith*, 564 U.S. at 306 (quoting *Chick Ham Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)). Because "[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court," "issuing an injunction under the relitigation exception is resorting to heavy artillery." *Id.* (citation omitted).

Defendants ague this Court's decision dismissing Plaintiffs' claims in *Groh I* precludes the adjudication of Plaintiffs' claim in *Groh II*. This Court's previous decision will have preclusive effect only if (1) the issue this Court decided is "the same as the one presented in the state tribunal," and (2) the parties to be precluded (here, Plaintiffs) were parties in *Groh I* or fall within a limited exception to the general rule against binding nonparties. *Id.* at 307-08 (citation omitted). The second question is not in dispute, but the parties disagree about whether the same issues arise in *Groh I* and *Groh II*.

In *Groh I*, Plaintiffs alleged Union Pacific was not authorized to transfer an easement to Jackson County, the railroad purposes easement transferred to Jackson County had been abandoned, Plaintiffs regained their right to use and possess their property when the easement was abandoned, Jackson County improperly claimed fee title to the property, and Jackson County's plans to utilize the property for a recreational trail amounts to, among other things, an inverse condemnation. Doc. #1-2, at 5-10. Defendants contend Plaintiffs' claim in *Groh* II is one of the claims alleged in *Groh I*.

In both lawsuits, Plaintiffs challenge Jackson County's use of their property and allege inverse condemnation (and other claims in *Groh I*). Plaintiffs' allegations and claims in *Groh I* were related, at least in part, to the STB's decision to grant Jackson

5

County an exemption to acquire and operate the rail line and whether the rail line was abandoned. However, the allegations in *Groh II* do not relate to the STB's decision to grant Jackson County an exemption, and Plaintiffs do not contend the rail line was abandoned. In fact, as explained *supra*, the exemption previously granted to Jackson County, which was critical to the Court's decision in *Groh I*, has been revoked. Doc. #37-2. Tellingly, the STB, when it revoked the exemption, specifically stated it was making "no findings on the claims that the County…violated other state or local law as part of the County's acquisition of the right-of-way. Those matters…are better suited for a state forum." *Id.* at 7. Instead, *Groh II* is based on whether Jackson County exceeded the scope of the easement, and whether Jackson County's "new easement" violates Plaintiffs' property rights.

In addition, Defendants do not demonstrate how the legal standards to be applied and the issues to be decided in *Groh II* are the same as those applied and decided in *Groh I*. *Groh I* involved the abandonment and/or operation of a rail line, which are issues to be decided by the STB. *Groh II* involves Missouri property law – to wit, whether Jackson County's construction of a hiking a biking trail on top of or in addition to the existing rail line is contrary to Missouri law, and whether the construction of such a trail is beyond the scope of the railroad purposes easement under Missouri law. When the legal standards to be applied and issues to be decided in the state court are different from those this Court previously applied and decided, "an injunction [is] unwarranted." *Smith*, 564 U.S. at 309, 312.[5]

The Court finds that the claim asserted in *Groh II* is outside the scope of the STB's jurisdiction, does not relate to Jackson County obtaining an exemption from the

---

[5] In its previous Order, the Court stated that *even if* it were to consider Plaintiff's "alternative theory of the case – that the easement is limited to railroad purposes," the matter would still be dismissed because ICCTA preempted state actions that interfere with railroad transportation. Doc. #29, at 7 n.5. Defendants place great weight on this footnote. Doc. #36, at 2-3. But they ignore the Court's finding that Plaintiffs' claims hinged on whether the rail line was abandoned, an issue that only the STB could decide. Doc. #29, at 6-7. And Defendants disregard Plaintiffs' concession that the abandonment of the rail line was unnecessarily and inaccurately alleged in *Groh I*. Doc. #35, at 1. Finally, Defendants do not discuss how Plaintiffs' claim in *Groh II* pertain to interference with railroad transportation, which the Court specifically referenced in the same footnote, and therefore, do not explain how the claim in *Groh II* is preempted.

STB, and does not allege the rail line was abandoned.  Plaintiffs arguments from *Groh I* regarding abandonment of the right of way or operation of the train line are not issue in *Groh II*.  These issues were not alleged and are not required for Plaintiffs' state law claim of takings by inverse condemnation.  That is, the issues that were determinative in *Groh I* are not at play in *Groh II*.  Therefore, the claim asserted in *Groh II* is not the same claim this Court previously decided, and the relitigation exception to the AIA does not apply.  Accordingly, the Court denies Defendants' motion for an injunction.

Even if the Court was unsure if the same claim or issues were being litigated in *Groh II*, the Supreme Court has directed this Court to construe "every benefit of doubt" toward the state court, and only issue an injunction "if preclusion is clear beyond peradventure."  *Smith*, 564 U.S. at 307 (citations omitted); *see also In re BankAmerica Corp.*, 263 F.3d at 803.  Likewise, when applying the Eighth Circuit's narrow construction of the AIA's relitigation exception, the Court finds the differences among the various issues and claims raised in *Groh I* and *Groh II* mandate the denial of Defendants' request for an injunction.  *See Jones*, 495 F.3d at 892-93.

Finally, even if the Court were to disregard the foregoing and find an injunction may issue under the AIA, the Court is not required to issue an injunction.  *See Chick Kam Choo*, 486 U.S. at 151.  And the Court would be remiss if it did not consider the principles of equity, comity, and federalism, which weigh against this Court enjoining the state court action.  *BankAmerica Corp.*, 263 F.3d at 803.  For this additional reason, Defendants' motion for injunction is denied.

### III.    CONCLUSION

For the foregoing reasons, the Court denies Defendants' Motion for an Injunction to Protect the Court's Judgment.

IT IS SO ORDERED.

DATE:  August 26, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT